**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

                v.

**$4,183,402.74 IN U.S. CURRENCY SEIZED FROM REGIONS BANK ACCOUNT *1113, R.S. IOTA TRUST ACCT et al.,**

                **Defendants.**

                5:22-cv-138
                (GLS/TWD)

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>HON. CARLA B. FREEDMAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | ELIZABETH A. CONGER<br>Assistant United States Attorney |
| **FOR THE CLAIMANTS:**<br>_Richard Stuart Ross_<br>Pietragallo Gordon Alfano Bosick<br>& Raspanti, LLP<br>7108 Fairway Drive - Suite 130<br>Palm Beach Gardens, FL 33418 | TAMA KUDMAN RICHMAN, ESQ. |
| One Oxford Centre, 38th Floor<br>Pittsburgh, PA 15219 | STEPHEN F. RAIOLA, ESQ. |
| _Company 1_<br>Arnold & Porter Kaye Scholer LLP | BARUCH WEISS, ESQ. |

601 Massachusetts Ave., NW
Washington, DC 20001-3743

Sullivan & Cromwell LLP            SHARON COHEN LEVIN, ESQ.
125 Broad Street - Room 2919
New York, NY 10004

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff United States of America commenced this forfeiture action against defendant property $4,183,402.74 in United States currency seized from Regions Bank account *1113, in the name of R.S. IOTA Trust Acct and $722,327.52 in United States currency seized from Regions General Ledger *200 bearing Cost Code (CC) *300.  (Compl., Dkt. No. 1.)  Pending is claimant Richard Stuart Ross's motion to lift stay, (Dkt. No. 39), Ross's petition to release $1,213,113.11 of the defendant property (hereinafter "the Contested Funds"), (Dkt. No. 8), the government's motion to dismiss the complaint as against the Contested Funds, (Dkt. No. 44), Ross's cross-motion for judgment on the pleadings with respect to the Contested Funds, (Dkt. No. 51), and the government's motion for an entry of default with respect to the other $3,692,617.15 of the defendant property (hereinafter

2

"the Uncontested Funds"), (Dkt. No. 28). For the reasons that follow, the stay is lifted, the government's motions for default as to the Uncontested Funds and motion to dismiss as to the Contested Funds are granted, and Ross's cross-motion for judgment on the pleadings and motion to release the Contested Funds are denied as moot.

## II. Background

The government commenced this civil forfeiture proceeding by filing a verified complaint. (Compl.); *see* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2). The Clerk then issued an arrest warrant in rem. (Dkt. No. 2.) The government sent a copy of the complaint, warrant, and notice of complaint to all known potential claimants, and published public notice of this action on an official government forfeiture website for thirty consecutive days. (Dkt. No. 28, Attach. 1 ¶¶ 5-6.) Ross and Company 1 both filed notices of claim to the Contested Funds. (Dkt. Nos. 5, 11.) There were no claims to the Uncontested Funds filed. (Dkt. No. 28, Attach. 1 ¶ 11.) In July 2022, the government requested a stay of the action, (Dkt. No. 34), which this court granted, (Dkt. No. 38).

## III. Standards of Review

### A. Motion for Default

"Federal Rule of Civil Procedure 55 provides a two-step process that the [c]ourt must follow before it may enter a default judgment." *United States v. $179,710 in U.S. Currency*, No. 1:20-CV-1607, 2021 WL 5961312, at *2 (N.D.N.Y. Nov. 2, 2021) (citation omitted). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id.* (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 55(a). Second, under Rule 55(b)(2), the party seeking default judgment must present its application for an entry of judgment to the court. *See $179,710 in U.S. Currency*, 2021 WL 5961312, at *2 (citation omitted). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citation omitted); *see* Fed. R. Civ. P. 55(b)(2). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." *$179,710 in U.S. Currency*, 2021 WL 5961312, at *2 (quoting Fed. R. Civ. P. 54(b)).

4

In considering a motion for default judgment, a court "[m]ust accept[] as true all of the factual allegations of the complaint. However, the court cannot construe the damages alleged in the complaint as true. Rather, the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (internal quotation marks and citations omitted). Ascertaining such an amount requires two steps: "[1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (internal quotation marks and citation omitted). When calculating damages, the court does not need to find that the facts alleged by plaintiff "constitute a valid cause of action." *Id.* (quoting *Au Bon Pain*, 653 F.2d at 65).

**B.** **<u>Voluntary Dismissal</u>**

Rule 41(a) of the Federal Rules of Civil Procedure provides that, after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties have signed a stipulation of dismissal, or upon order of the court.[1] Fed. R. Civ.

---

[1] Here, both claimants filed answers prior to the government's request for voluntary dismissal. (Dkt. Nos. 9, 10, 18, 19.)

5

P. 41(a)(1)(B), (a)(2); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("Once a defendant has answered the complaint, a plaintiff may no longer dismiss an action as a matter of right."). Rule 41(a) further provides that, unless the stipulation or order states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B), (a)(2). Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the [opposing party] will not be prejudiced thereby." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003); see *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) ("Voluntary dismissal without prejudice is not a matter of right. However, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that [the opposing party] will suffer substantial prejudice as a result" (internal quotation marks and citation omitted)). The decision whether to grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court, *see Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is to be ordered "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2).

**C.    Certificate of Reasonable Cause**

Pursuant to 28 U.S.C. § 2465(a)(2):

> Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law . . . if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in [a later subsection].

**D.    Judgment on the Pleadings**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012) (internal quotation marks and citation omitted). That standard of review is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV.    Discussion

As a preliminary matter, Ross's motion to lift the stay, (Dkt. No. 39), which the government does not oppose, (Dkt. No. 43), is granted.

## A. Motion for Partial Default

Regarding the government's motion for partial default, (Dkt. No. 28), the court has reviewed both the verified complaint, (Dkt. No. 1), and the government's affidavit in support, (Dkt. No. 28, Attach. 1). For the reasons noted by the government, (Dkt. No. 28, Attach. 1 ¶¶ 5-8, 11-12), its request for an entry of partial default with respect to the Uncontested Funds is granted. *See* Fed. R. of Civ. P. 55(a); *see also $179,710 in U.S. Currency*, 2021 WL 5961312, at *2-3. While Ross opposes the request for default as to the Uncontested Funds, (Dkt. No. 29), he has not filed a claim to these funds, (Dkt. No. 5), and, thus, lacks standing to oppose the request. *See $179,710*, 2021 WL 5961312, at *3.

## B. Motion for Voluntary Dismissal

Additionally, "[u]pon review of information and documentation obtained . . . the government has decided to seek [voluntary] dismissal of the forfeiture proceedings against the [Contested] Funds," without prejudice. (Dkt. No. 44, Attach. 1 at 6.) Ross argues that voluntary dismissal is inappropriate because he is entitled to a decision on the merits with respect to the Contested Funds. (Dkt. No. 51, Attach. 1 at 8-10.) Alternatively, Ross argues that, if the court views voluntary dismissal as

appropriate, the entire action should be dismissed because none of the defendant property is forfeitable and because Rule 41(a)(2) of the Federal Rules of Civil Procedure "limits [voluntary] dismissal to the entire action." (*Id.* at 11.) Additionally, and, again, in the alternative, Ross contends that, if dismissal is proper, it should be granted as to $2,426,226.22 of the defendant property because "two different parties have alleged two claims" to $1,213,113.11 of the seized fund. (*Id.* at 13.) Company 1 objects to the dismissal of the forfeiture action with respect to the Contested Funds because its "interests in the[m] remain the subject of dispute," and requests that the forfeiture action against the Contested Funds be converted into "an interpleader action to allow both claimants the opportunity to prove their interest in the [Contested] Funds." (Dkt. No. 52 at 5-6.)

Additionally, if voluntary dismissal is granted, the parties dispute whether the dismissal should be with or without prejudice. Ross asserts that dismissal should be with prejudice to avoid "risk of legal prejudice to Ross, specifically, the loss of his statutory right to attorney fees, costs, and

9

interest."² (Dkt. No. 51, Attach. 1 at 14.)  The government argues that dismissal without prejudice is appropriate because it "has moved with diligence and efficiency in this matter," without "ill-motive," "undue-vexatiousness," or "bad faith," and because "the matter has not yet progressed to discovery."  (Dkt. No. 57 at 8-9.)

While "Rule 41(a)(2) creates a presumption in favor of dismissal without prejudice," *Laufer v. 7 Hills Hotel, LLC*, No. 8:22-cv-53, 2022 WL 16744309, at *4 (N.D.N.Y. Nov. 7, 2022) (internal quotation marks and citation omitted); *see* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under [Rule 41(a)](2) is without prejudice."), the Second Circuit has noted that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper."  *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006); *see Resto-Otero v. Mohammad*, No. 9:17-cv-1115, 2019 WL 4544540, at *2 (N.D.N.Y. Sept. 19, 2019).  One of these lines indicates that a without prejudice dismissal would be improper "if the defendant would suffer some plain legal prejudice" beyond simply the prospect of another lawsuit.  *See*

---

² In the alternative, Ross requests that the court "condition[] dismissal without prejudice on an award of fees, costs, and interest." (Dkt. No. 51, Attach. 1 at 18.)

10

*Camilli*, 436 F.3d at 123 (internal quotation marks and citations omitted).

> Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Id.* (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)) (other citation omitted); *see Resto-Otero*, 2019 WL 4544540, at *2 (citations omitted). As discussed below, the motion for voluntary dismissal as to the Contested Funds is granted.

Ross's claim that dismissal is inappropriate because he has demonstrated that he is entitled to judgment on the pleadings, specifically because "the pleadings d[o] not establish that there was a plausible basis for forfeiting the" Contested Funds, (Dkt. No. 51, Attach. 1 at 9), is without merit, because, as the government notes, "[t]he complaint identifies the defendant property subject to forfeiture as the proceeds of violations of[,] . . . and property involved in and having facilitated offenses in violation of," various criminal codes. (Dkt. No. 57 at 16; *see* Compl. ¶¶ 10-27.)

11

Specifically, the complaint alleges that $29,583,354.63 in funds from Company 1, which were intended to be transferred as part of a legitimate business transaction with a separate business entity, were instead wired to and deposited into Ross's account pursuant to instructions provided in an email designed to mislead Company 1 into believing they were corresponding with the aforementioned separate business entity. (Compl. ¶¶ 10-15, 20.) A majority of the funds initially transferred into Ross's account were then transferred to numerous additional accounts, primarily located in Mexico. (*Id.* ¶¶ 16-17.) Finally, Ross, confirmed his awareness of the deposit and that he directed the subsequent transfers of the funds out of his account. (*Id.* ¶ 20.) Accordingly, "the complaint . . . contain[s] sufficient factual matter to state a claim to relief that is plausible on its face," *Ezra v. Bristol-Myers Squibb Co.*, 784 F. App'x 48, 50 (2d Cir. 2019) (citation omitted)—that the Contested Funds were subject to forfeiture. *See* 18 U.S.C. § 981. For these same reasons, Ross's arguments that the government "failed to conduct an adequate investigation," prior to the seizure of the defendant property, and that the entire action should be dismissed because none of the defendant property seized is forfeitable, (Dkt. No. 51, Attach. 1 at 10-11), are without merit. Further, Ross'

12

argument regarding his alleged innocent ownership of the Contested Funds is unpersuasive because by voluntarily withdrawing the action as to the Contested Funds, the government is conceding that the Contested Funds are not forfeitable, and, thus, there can be no determination as to the innocent owner of the Contested Funds.³  *See $557,933.89, More or Less, in U.S. Funds*, 287 F.3d at 77 ("It must be remembered that what is adjudicated in a judicial civil forfeiture proceeding is the government's right to the property, not the claimant's.  If the government can establish its right to forfeiture of the defendant property . . . the property is forfeited; if the government fails to do so, the property is not forfeited—regardless of whether or not the claimant turns out to be the actual owner of the property.").  For this same reason, Company 1's argument that voluntary dismissal is inappropriate "because [its] interests in the [Contested] Funds remain the subject of dispute," (Dkt. No. 52 at 5), is unpersuasive, and the

---

³ Ross adopted this position in opposing Company 1's request to convert this action to an interpleader action.  (Dkt. No. 58 ("Because the [government] has dismissed this action, it has not met its burden to prove that the [Contested] Funds are subject to forfeiture . . . .  [A]nd this [c]ourt lacks any jurisdiction to adjudicate who owns the [Contested] Funds.").)

13

court will not convert the action to an interpleader action.[4]  *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002) ("[I]f the government fails to [establish its right to the property], the property is not forfeited—regardless of whether or not the claimant turns out to be the actual owner of the property."); *see also North Carolina v. Matthews* (In re *Matthews*), 395 F.3d 477, 482 (4th Cir. 2005) ("Once the United States voluntarily dismissed its forfeiture action, all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case . . . . [A]lthough the [parties] continued to assert ownership interests . . . , the district court no longer had authority to adjudicate those interests—as it would have done had the forfeiture action gone forward.").

Ross's alternative argument that Rule 41(a)(2) does not permit partial voluntary dismissal, (Dkt. No. 51, Attach. 1 at 11), is flawed.  *See Nix v.*

---

[4] Company 1 relies on *United States v. Barry Fischer Law Firm, LLC*, No. 10 Civ. 7997, 2012 WL 591396, at *1 (S.D.N.Y. Feb. 23, 2012), in support of their argument that the court may convert the present forfeiture action into an interpleader action.  (Dkt. No. 52 at 9.) However, in *Barry Fischer Law Firm*, "the [forfeiture] action was ultimately dismissed and the [seized] money was ordered returned" and only after "conflicting claims against the money . . . surfaced" did the government file an interpleader action.  2012 WL 591396, at *1.

14

*Officer of Comm'r of Baseball*, No. 17-cv-1241, 2017 WL 2889503, at *3, n.2 (S.D.N.Y. July 6, 2017) ("Although some decisions within this Circuit suggest that Rule 41(a) may only be employed to dismiss an entire controversy, more recent cases make clear that Rule 41[](a) permit[s] the withdrawal of individual claims." (internal quotation marks and citations omitted)). Additionally, because the court has granted the motion for default as to the Uncontested Funds, voluntary dismissal here would constitute the entirety of the remaining action. Further, Ross's argument that both he and Company 1 are claiming an interest in separate amounts totaling $2,426,226.22, (Dkt. No. 52 at 13), is incorrect. (Dkt. No. 11, at 3, 3 n.2 (Company 1's notice of claim asserting a claim as to the same $1,213,113.11 to which Ross asserted a claim, and explicitly forgoing a claim to the remaining $3,692,617.15).) Accordingly, the government's motion to voluntarily dismiss the action as to the Contested Funds is granted.

Further, dismissal is granted without prejudice for the following reasons. First, Ross will not suffer "plain legal prejudice" should the action be dismissed without prejudice. *See Resto-Otero*, 2019 WL 4544540, at *2 ("As the Second Circuit has stated, [w]hen the Supreme Court identified

15

plain legal prejudice to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice, . . . the Court was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed." (internal quotation marks and citation omitted)). Accordingly, Ross's inability to seek attorney's fees does not constitute plain legal prejudice so as to render a dismissal without prejudice inappropriate. Further, and for the reasons noted by the government, (Dkt. No. 57 at 8-9), the *Zagano* factors weigh in favor of dismissal without prejudice. *See* 900 F.2d at 14. Specifically, the government brought the motion with diligence, approximately nine months after the filing of the complaint, there is no indication of "undue vexatiousness" on behalf of the government, the suit has not progressed to discovery, there appears to be little, if any, risk of "the duplicative expense of relitigation," and the government's explanation for the need to dismiss is adequate. *See id.* Accordingly, the motion for voluntary dismissal is granted and $1,213,113.11 of defendant property is dismissed without prejudice, and Ross's request to condition the without

prejudice dismissal on an award of attorney's fees is denied.[5]

## C. <u>Certificate of Reasonable Cause</u>

Finally, the government requests the issuance of a certificate of reasonable cause in connection with the Contested Funds. (Dkt. No. 44.) Ross asserts that a certificate of reasonable cause should not be issued because (1) the government "chose to proceed pursuant to Supplemental Rule G(3)(b)(i) which requires the clerk to issue a warrant to arrest the [seized] [f]unds without any probable cause finding," (2) the evidence at the time the defendant property was seized "did not support a reasonable belief that the government w[ould] be able to meet its burden of proof at trial," and (3) unless the court orders a dismissal with prejudice a certificate of reasonable cause would be procedurally improper. (Dkt. No. 51, Attach. 1 at 21-23.)

"A certificate of reasonable cause shall issue only if it appears that there was 'reasonable cause' for the seizure or arrest." *United States v. $1,399,313.74 in U.S. Currency*, 613 F. Supp. 2d 433, 436 (S.D.N.Y.

---

[5] Because the government's motion to voluntarily dismiss the action as against the Contested Funds is granted, Ross's petition for release of the Contested Funds, (Dkt. No. 8), and cross-motion for judgment on the pleadings, (Dkt. No. 51), are correspondingly denied as moot.

17

2009).  Reasonable cause is synonymous with probable cause.  *See Heien v. North Carolina*, 574 U.S. 54, 62 (2014); *see also Stacey v. Emery*, 97 U.S. 642, 646 (1878) ("If there was a probable cause of seizure, there was a reasonable cause.  If there was a reasonable cause of seizure, there was a probable cause.")

Here, for the reasons already discussed above, there was probable cause to seize the Contested Funds.  *See supra* Part IV.B.; *see also* (Compl. ¶¶ 10-27.)  Additionally, "[o]n November 16, 2021, [the funds] w[ere] seized . . . pursuant to a seizure order issued by the United States District Court for the Northern District of New York," (Compl. ¶ 21), which further indicates the existence of probable cause.  And Ross's argument that a certificate of reasonable cause cannot be granted without a with prejudice dismissal is without merit.  *See United States v. $107,702.66 in U.S. Currency Seized from Lumbee Guar. Bank Account No. 82002495*, No. 7:14-CV-00295-F, 2016 WL 413093, at *4 (E.D. N.C. Feb. 2, 2016) ("Despite § 2465's language, courts have issued certificates [of reasonable cause] in cases that ended in a voluntary dismissal." (citations omitted)).  Accordingly, the government's request for a certificate of reasonable cause, (Dkt. No. 44), is granted, and this Memorandum-Decision and

18

Order shall serve as same.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Ross's motion to lift the stay (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED** that the stay put in place by order of the court on August 17, 2022 (Dkt. No. 38) is **LIFTED**; and it is further

**ORDERED** that the government's motion for partial default as to the Uncontested Funds (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that the government's motion to dismiss as to the Contested Funds and request for a certificate of reasonable cause (Dkt. No. 44) is **GRANTED**; and it is further

**ORDERED** that $1,213,113.11 in U.S. currency is **DISMISSED** without prejudice; and it is further

**ORDERED** that this Memorandum-Decision and Order shall serve as a certificate of Reasonable Cause as to the dismissed $1,213,113.11 in U.S. currency pursuant to 28 U.S.C. § 2465(a)(2); and it is further

**ORDERED** that Ross's petition for release of the Contested Funds

19

(Dkt. No. 8) and cross-motion for judgment on the pleadings (Dkt. No. 51) are **DENIED** as moot; and it is further

  **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 2, 2023
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

20