

Stephen Raiola
sraiola@kfc.law

500 Fifth Avenue, 12th Floor
New York, NY 10110

Office: 917.909.6350
Fax: 917.909-6357
www.kfc.law

April 16, 2025

**BY ELECTRONIC FILING**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re:  *United States of America v. $4,183,402.74 in U.S. Currency*, No. 24-1421

Dear Ms. O'Hagan Wolfe:

  Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Richard Stuart Ross writes to inform the Court that following the completion of the briefing in this case, the Supreme Court issued a decision in *Lackey v. Stinnie*, 145 S.Ct. 659 (2025) in which it provided additional guidance on the meaning of the term "prevailing party." In doing so, the Supreme Court provided legal authority that supports Mr. Ross's position that he is entitled to attorney's fees as a claimant who "substantially prevailed" by successfully recovering his funds from the government in two key respects.

  *First*, in rejecting the plaintiffs' arguments that they were a "prevailing party," the Supreme Court expressly distinguished the "substantially prevail[s]" standard that is contained in CAFRA and FOIA as an entirely different standard that evidences that Congress "knows how to empower courts to award attorney's fees to plaintiffs who have enjoyed some success but have not prevailed in a judgment on the merits." *Id*. at 670. As a result, *Lackey* supports Mr. Ross's argument that the terms "substantially prevails" and "prevailing party" contain different meanings, and that that Mr. Ross did not need a judgment to substantially prevail under CAFRA.

  *Second*, *Lackey* contains a footnote that cites to *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016)—which was discussed in Mr. Ross's briefs—for the proposition that "[a] different body of caselaw addresses when a *defendant* is a 'prevailing party' for the purposes of other fee-shifting statutes," because "plaintiffs and defendants come to court with different objectives" *Id*. at 699 n.* (explaining that the Court's decision "should not be read to affect our previous holding that a defendant need not obtain a favorable judgment on the merits to prevail, nor to address the question we left open of whether a defendant must obtain a preclusive judgment in order to prevail."). As a result, *Lackey* supports Mr. Ross's claim that that the test

Catherine O'Hagan Wolfe
April 16, 2025
Page 2

for a prevailing defendant is a completely different test than the test for a prevailing plaintiff, and therefore does not incorporate *Buckhannon's* requirements.

                                                      Very truly yours,

                                                      Stephen F. Raiola

cc:      All counsel of record.

## **CERTIFICATE OF SERVICE**

      I, Stephen Raiola, counsel for Claimant-Appellant Richard Stuart Ross and a member of the bar of this Court, certify that, on April 16, 2025, the foregoing document was filed through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Stephen Raiola
Stephen Raiola
Attorney for Richard Stuart Ross