

United States Department of Justice

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*  Tel.: (315) 448-0672
*James M. Hanley Federal Building*  Fax: (315) 448-0658
*Syracuse, New York 13261-7198*

April 22, 2025

**BY ELECTRONIC FILING**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States of America v. $4,183,402.74 in U.S. Currency,*
            No. 24-1421

Dear Ms. O'Hagan Wolfe:

    The government responds to Appellant Richard Stuart Ross's letter submitted pursuant to Federal Rule of Appellate Procedure 28(j). Dkt. No. 94.

    The Supreme Court's decision in *Lackey v. Stinnie*, 145 S. Ct. 659 (2025) is at odds with Ross's position on appeal. The Court held that a plaintiff is not a "prevailing party" under 28 U.S.C. §1988(b) if he secures only a preliminary injunction. *Id.* at 671. In doing so, it reaffirmed its prior rejection of the "catalyst theory" pursuant to which a plaintiff may recover fees if he "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 668 (quotation marks omitted). Yet that is what Ross attempts here; he argues that he is entitled to fees based solely on the government's voluntarily dismissal of its claims. *Lackey* also never purported to draw any distinction between the "prevailing party" standard in Section 1988 and the "substantially prevails" standard. Nor could it, since both standards are "fundamentally the same." *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 451 n.3 (2d Cir. 2004).

    *Lackey*'s reference to FOIA's fee shifting provision does not support Ross's argument. *Lackey* explained that Congress's amendment of that provision demonstrates that when Congress wants "to award attorney's fees to plaintiffs who have enjoyed some success but have not prevailed in a judgment on the merits," it does so expressly. 145 S. Ct. at 670. With FOIA, Congress made clear that "a voluntary or unilateral change in position by the agency" entitles a plaintiff to attorney's fees. 5 U. S. C. §552(a)(4)(E). CAFRA lacks comparable language. This Court thus should decline Ross's invitation to engage in the type of "judicial supplementation" *Lackey* cautioned against. *Id.* at 669, 670.

April 22, 2025
Page 2

      Ross's reliance on *Lackey*'s footnote reference to *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016) is also uncompelling. *See Lackey*, 145 S. Ct. at *. As previously explained, CRST is distinguishable because it involved a district court's affirmative dismissal, not a voluntary dismissal as here. Government's Brief at 49. *Lackey* does not expand *CRST*'s holding.

                                          Respectfully submitted,

                                          JOHN A. SARCONE III
                                          United States Attorney

                          By:     */s/ Elizabeth A. Conger*
                                          Elizabeth A. Conger
                                          Assistant United States Attorney
                                          Bar Roll No. 520872

cc:     Counsel of record.